IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRON THOMPSON,

    Petitioner,

v.                                              CASE NO. 1:06-cv-00178-MP-AK

JAMES MCDONOUGH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 33, Motion to Dismiss Petition for Writ of Habeas Corpus, by James McDonough. Petitioner has filed a response. Doc. 36. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be dismissed as untimely.

On February 21, 1985, a jury convicted Petitioner of attempted escape and resisting an officer without violence. Doc. 30, Ex. C. He was sentenced to 15 years for attempted escape and 1 year for resisting an officer. Doc. 30, Ex. D. Petitioner appealed his conviction and sentence, which were affirmed on November 6, 1985. Doc. 30, Ex. G.

Between 1985 and 2004, Petitioner filed no post-conviction motions in state court. On or about May 3, 2004, he filed a Rule 3.800 motion to correct illegal sentence, alleging that the had been improperly sentenced on the attempted escape conviction. Doc. 30, Ex. I. After a hearing in which Petitioner was represented by appointed counsel, the court denied the motion. Doc. 30, Ex. K. Petitioner appealed, and the court of appeal affirmed per curiam. Doc. 30, Doc. O. After denial of rehearing, the mandate issued on September 23, 2005. Doc. 30, Ex. R.

The instant petition, which was filed in the United States District Court for the Middle District of Florida, ensued with a filing date of September 1, 2006.  *See Houston v. Lack*, 487 U.S. 266 (1988) (pursuant to "mailbox rule," date that petition was deposited with prison is controlling filing date, not actual date document was filed in court).  The petition was transferred here, Petitioner's conviction having occurred in the Circuit Court for Alachua County, Florida, and Petitioner was directed to amend.  In the amended petition, Petitioner claims a violation of due process because he was not sentenced "under correct sentencing statute," ineffective assistance of counsel during the 3.800 proceeding because he allowed the State "to introduce a case...without objection, that had no legal relation to [his] claim," and the denial of a "fair and impartial trial" based on the sentencing error.  Doc. 8.

Respondent has moved to dismiss on timeliness grounds, arguing that Petitioner's conviction became final before the effective date of the AEDPA, and thus, he had only until April 23, 1997, to file the instant petition, since he had no post-conviction motions pending during the pertinent one-year time period.  Doc. 33.  In reply, Petitioner argues that the one-year statute of limitations did not begin running until after the issuance of the mandate on the 3.800 motion since, under Florida law, he has the right to challenge a fundamental error in sentencing at any time.  Doc. 36.

Petitioner's conviction became final before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) on April 24, 1996.  For convictions which became final before that date, the one-year period begins to run from the date of enactment of the AEDPA.  *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  Petitioner therefore had one year from that date to file his petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2244(d)(1)(A).

As the instant petition was not filed until September 1, 2006, Petitioner clearly missed the filing deadline, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). In other words, the time for filing the instant petition had expired before Petitioner filed the post-conviction motion in state court on May 3, 2004, and the filing of that motion could not toll a statute of limitations that had already expired. Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, Petitioner has not suggested that this is an issue, and a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Because the instant petition is untimely, it is respectfully **RECOMMENDED**:

That the motion to dismiss, Doc. 33, be **GRANTED**;

That the petition for writ of habeas corpus be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** this  *19th*  day of June, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**